**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| OFFICE OF CAROLINE BEVERLY HOWARD ESTATE, *Plaintiff*, | ) ) ) ) | 3:24-CV-01383 (SVN) |
| v. | ) ) | |
| NATIONSTAR MORTGAGE, LLC, *et al.*, *Defendants*. | ) | March 31, 2026 |

**RULING AND ORDER ON DEFENDANT'S MOTION TO DISMISS**

Sarala V. Nagala, United States District Judge.

Plaintiff Carolyn Howard brings this action as the "Office of Caroline Beverly Howard Estate" against remaining Defendants Nationstar Mortgage, LLC; U.S. Bank National Association; and McCalla Raymer Leibert Pierce, LLC., challenging certain alleged misconduct and misrepresentations related to a 2017 state court foreclosure proceeding. Defendants have moved to dismiss the complaint. Plaintiff has not filed an opposition. For the reasons set forth below, Defendants' motion is GRANTED, without leave to amend.

## I.   FACTUAL AND PROCEDURAL BACKGROUND

It is difficult to discern a factual narrative from Plaintiff's complaint. The Court gleans the following from the complaint and documents from the underlying foreclosure action, of which the Court may take judicial notice. *See Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006).

### A.   The Foreclosure Action

On January 25, 2017, Defendant Nationstar Mortgage LLC ("Nationstar") commenced a foreclosure action in Connecticut Superior Court against Plaintiff Caroline Howard, related to the property at 9 Curry Lane, East Hampton, Connecticut. *See Nationstar Mortgage LLC v. Caroline*

*Howard, et al.*, No. MMX-CV-17-6017215-S (Conn. Super. Ct.); *see* Defs.' Ex. 1, ECF No. 54-2 at 2 (state court docket); Defs.' Ex. 2, ECF No. 54-2 at 12–18 (state court complaint). The complaint alleged that Howard had promised, through a promissory note, to pay a mortgage in the amount of $272,000, to IndyMac Bank, F.S.B. *See* ECF No. 54-2 at 12. The note and mortgage were later assigned to Nationstar. *Id.* According to the complaint, Howard failed to pay the amounts due on April 1, 2016, and thereafter, and Nationstar exercised its option to declare the entire balance of the note due and payable. *Id.* at 13. Howard entered an appearance in the foreclosure action on February 10, 2017. ECF No. 54-2 at 3. Nationstar was ultimately substituted as plaintiff with U.S. Bank National Association, Not in Its Individual Capacity But Solely as Trustee for The RMAC Trust, Series 2016-CTT ("U.S. Bank"). *Id.* at 4. After several years and considerable litigation between the parties, a judgment of foreclosure by sale was entered, and the property was sold on May 18, 2024, to U.S. Bank. *See id.* at 8. Defendants represent that Howard did not file any appeals related to the foreclosure action. *See* Defs.' Br., ECF No. 54-1 at 5.[1]

On August 21, 2024, Defendant McCalla Raymer Leibert Pierce LLP ("MRLP") appeared in the foreclosure action, representing U.S. Bank, to file a summary process and ejectment request to obtain possession of the property, which was later withdrawn because a non-party to the foreclosure action was residing at the property. *Id.* at 5–6. On January 3, 2025, MRLP filed a new summary process action to evict Howard and others who were residing at the property from it. *See* Defs.' Ex. 3, ECF No. 54-2 at 24–31; *U.S. Bank National Association, Not in Its Individual Capacity But Solely as Trustee for The RMAC Trust, Series 2016-CTT v. Howard et al.*, No. MMX-CV25-6044048-S (Conn. Super Ct.). That action remains pending as of the date of this ruling.

---

[1] Plaintiff removed the foreclosure action to federal court, but it was promptly remanded. *See Nationstar Mortgages, LLC v. Howard, et al.*, No. 3:19-CV-159 (SRU) (removed on February 1, 2019, and remanded on May 1, 2019). The Superior Court docket also reflects that Plaintiff removed the case a second time on September 10, 2024, but the District Court filing system does not show that a case was opened for this removal. *See* ECF No. 54-2 at 9.

B.  <u>The Present Action</u>

Plaintiff initiated the present action on August 28, 2024, purporting to name "the Office for Caroline Beverly Howard Estate," as the plaintiff.  The remaining named Defendants in this action, after Plaintiff voluntarily dismissed certain other Defendants, are Nationstar Mortgage, LLC; U.S. Bank National Association[2]; and MRLP (hereafter, "Defendants").  *See* Not. of Voluntary Dismissal, ECF Nos. 20, 38, 57.  Plaintiff alleges the following claims:  (1) a request for an "accounting," without specifying what law entitles her to such; (2) a violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"); (3) a violation of the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. § 42-110a *et seq.* ("CUTPA"); (4) invasion of privacy by Nationstar and U.S. Bank; and (5) a claim for "live testimony," in which Plaintiff mentions 42 U.S.C. §§ 1983 and 1985 and 18 U.S.C. §§ 241 and 242.  Plaintiff also lists a sixth cause of action simply labeled "Conclusion," and mentions the Connecticut Consumer Protection Act ("CTCPA"), which does not appear to exist separate from CUTPA.[3]

Although Plaintiff's allegations are difficult to parse, the gist of her complaint is that Defendants Nationstar and U.S. Bank have misrepresented to her that they have the legal right to collect $520,388.17 from her, and have acted as "debt collectors" for purposes of the FDCPA to collect a debt purportedly owed to an original creditor other than Nationstar.  ECF No. 1, ¶¶ 20, 28.  Within these allegations, Plaintiff asserts that there was no valid assignment of the mortgage to Nationstar.  *Id.* ¶ 30.

Defendants have moved to dismiss Plaintiff's complaint.  ECF No. 54.  Plaintiff failed to respond to the motion to dismiss, despite being afforded extra time to do so.  *See* Orders, ECF Nos.

---

[2] The Court construes the U.S. Bank entity sued here as U.S. Bank National Association, Not in Its Individual Capacity But Solely as Trustee for The RMAC Trust, Series 2016-CTT, the entity that is a party in the foreclosure action.
[3] Plaintiff cites Conn. Gen. Stat. § 20-418 *et seq.* as the statutory citation for the CTCPA, but that statute is the Home Improvement Act, which regulates home improvement contractors.

65, 69. Although Plaintiff has not opposed the motion to dismiss, the Court may not find for Defendants without reviewing the record and determining that the complaint fails to state a claim for relief. *See McCall v. Pataki*, 232 F.3d 321, 322 (2d Cir. 2000).

## II.    LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a defendant may move to dismiss a case or cause of action for failure to state a claim upon which relief can be granted. When determining whether a complaint states a claim upon which relief can be granted, highly detailed allegations are not required, but the complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. This plausibility standard is not a "probability requirement," but imposes a standard higher than "a sheer possibility that a defendant has acted unlawfully." *Id.* In undertaking this analysis, the Court must "draw all reasonable inferences in [the plaintiff's] favor, assume all well-pleaded factual allegations to be true, and determine whether they plausibly give rise to an entitlement to relief." *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011) (internal quotation marks and citation omitted).

The Court is not "bound to accept conclusory allegations or legal conclusions masquerading as factual conclusions," *Rolon v. Henneman*, 517 F.3d 140, 149 (2d Cir. 2008), and "a formulaic recitation of the elements of a cause of action will not do," *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). Consequently, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). Ultimately, determining whether a complaint states a plausible claim for relief

is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

These pleading standards apply to self-represented parties.  It is true that courts are under an obligation to extend "special solicitude" to *pro se* litigants and ought to read their pleadings "to raise the strongest arguments that they suggest." *Fowlkes v. Ironworkers Local 40*, 790 F.3d 378, 387 (2d Cir. 2015) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006)) (internal quotation marks omitted).  But at the same time, a *pro se* complaint must meet the basic pleading standards outlined above to survive a motion to dismiss. *Fowlkes*, 790 F.3d at 387 (citing *Twombly*, 550 U.S. at 570).

## III.   DISCUSSION

### A.  Standing / Capacity to Sue

As a preliminary matter, to the extent Howard brings this suit as or on behalf of the "Office of Caroline Beverly Howard Estate," the Court concludes that she lacks standing to pursue these claims.

The capacity of an individual to sue is determined by Connecticut law. *See* Fed. R. Civ. P. 17(b).  Under Connecticut law, "in order to confer jurisdiction on the court the plaintiff must have an actual legal existence, that is he or it must be a person in law or a legal entity with legal capacity to sue." *Isaac v. Mount Sinai Hosp.*, 3 Conn. App. 598, 600 (1985).  In that vein, "[a]n estate is not a legal entity.  It is neither a natural nor artificial person, but it is merely a name to indicate the sum total of the assets and liabilities of the decedent or incompetent.  Not having legal existence, it can neither sue nor be sued." *Id.* (citations omitted); *see also SCG Capital Corp. Profit Sharing Trust v. Green*, No. TTD-CV-095005139, 2010 WL 1665268, at *2 (Conn. Super. Ct. Mar. 25, 2010) ("[T]he named plaintiff in the present case, a common-law trust, possessed no capacity to

sue.  In the absence of such capacity, the lawsuit is a nullity, and no substitution [of a party plaintiff] can occur.").  As Plaintiff in this action purports to be the estate of the "Office of Caroline Beverly Howard," and Connecticut law provides that a court lacks jurisdiction over a case brought by an estate because it lacks the capacity to sue, Plaintiff's claims must be dismissed on this basis.[4]

Nor can Howard bring this action on *behalf* of an estate if she is not the designated executor or administrator.  Conn. Gen. Stat. § 52-555 creates a cause of action that may be maintained by an executor or administrator of an estate upon death of a decedent only; it does not confer on any other person any right to bring such an action.  *Isaac*, 3 Conn. App. at 601 (quoting *Cofrancesco v. Smith*, 29 Conn. Supp. 139, 141–42 (1971)).  Here, there are no allegations in the complaint from which the Court can infer that Howard is the executor or administrator of an estate.  And while the complaint bears the signature of "Carolyn Howard," accompanied by the title "executrix/beneficiary," *see* ECF No. 1 at 50, it is unclear whether there is a decedent in this case at all (as Carolyn Howard herself signed the complaint), or whether Howard has been duly appointed by a probate court to serve as the executor or administrator of such an estate.  Thus, Howard lacks standing to bring this suit.

But even if Howard did have standing to bring this suit, for the reasons set forth below, the complaint fails to state a cognizable claim under any of the causes of action she alleges.

B.  Count One:  Request for an Accounting

First, Plaintiff alleges a cause of action for an "accounting," without specifying under what law she may be entitled to such a calculation.  As an initial matter, a demand for an accounting is

---

[4] To the extent that Howard brings this suit as a fictitious entity, such an entity lacks standing to pursue this action on that basis as well.  *See Coldwell Banker Manning Realty, Inc. v. Cushman & Wakefield of Connecticut, Inc.*, 136 Conn. App. 683, 689 (2012).

"not a substantive cause of action, but rather a form of relief that the Court may order." *Inteliclear, LLC v. Victor*, No. 3:16-CV-1403 (JBA), 2016 WL 5746349, at *7 n.21 (D. Conn. Oct. 3, 2016). Under Connecticut law, a court has equitable jurisdiction to "state and settle accounts, or to compel an accounting, where a fiduciary relationship exists between the parties and the defendant has a duty to render an account." *Manere v. Collins*, 200 Conn. App. 356, 371 (2020). An accounting "is not available in an action where the amount due is readily ascertainable," as in that situation adequate relief may be obtained at law. *Id.* (quoting *Mankert v. Elmatco Prods., Inc.*, 84 Conn. App. 456, 460 (2004)).

Here, Howard has not pleaded the existence of a fiduciary relationship between her and any Defendant, such that they would be liable to her for an accounting. Indeed, all of the Defendants were adverse to her in the foreclosure action, and thus there would be no basis for holding that they owed Howard a fiduciary duty. Additionally, the amount due is readily ascertainable from the affidavit of debt and the foreclosure judgment filed in the state court proceeding, which provides an itemized breakdown of the debt owed, including interest. *See Nationstar Mortgage v. Howard et al.*, No. MMX-CV17-6017215-S, Dkt. No. 191.00 (affidavit of debt). Thus, even if there were a duty for Defendants to perform an accounting, Plaintiff's remedy would be at law, not in equity. The Court therefore finds that Plaintiff is not entitled to an accounting.

C. Count Two: Violation of the FDCPA

Next, Plaintiff fails to state a claim under the FDCPA. The FDCPA was enacted to, among other things, "eliminate abusive debt collection practices by debt collectors," and to "protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). To bring a claim under the FDCPA, (1) the plaintiff "must be a consumer who allegedly owes the debt or a person who has

been the object of efforts to collect a consumer debt; (2) the defendant collecting the debt must be considered a debt collector; and (3) the defendant must have engaged in an act or omission in violation of FDCPA requirements." *Doody, Trustee of Mary Y. Doody Revocable Trust Dated June 17, 2002 v. Nationstar Mortgage, LLC*, No. 21-CV-00609 (VDO), 2023 WL 8476322, at *4 (D. Conn. Dec. 7, 2023) (citing 15 U.S.C. § 1692 *et seq.*; *Maleh v. United Collection Bureau, Inc.*, 287 F. Supp. 3d 265, 270 (E.D.N.Y. 2018)). The FDCPA prohibits making false, deceptive, or misleading representations in connection with the collection of a debt. 15 U.S.C. § 1692e.

First, the Court cannot conclude, on the present record, that Plaintiff's FDCPA claim is barred by the statute of limitations, as Defendants urge. The statute of limitations for an FDCPA claim is one year from the date on which the violation occurs. 15 U.S.C. § 1692k(d). Plaintiff's complaint does not allege many specific dates, but she does allege that she served a notice of dispute on "Defendants," in alleged compliance with 15 U.S.C. § 1692g, on September 11, 2017. *See* ECF No. 1 ¶ 42. She further asserts that "Defendants" were required to provide her with verification of the alleged debt in response to her notice and failed to do so, but they "continue[d] to make attempts to collect the alleged debt through an erroneous foreclosure action." *Id.* Interpreting her complaint liberally because she is a *pro se* litigant, the Court construes her FDCPA claim as including Defendants' efforts to collect on the debt—the unpaid mortgage principal and interest—through the foreclosure action through at least the date of judgment in that action, March 18, 2024. *See* ECF No. 54-2 at 8 (Dkt. No. 196.00). As Plaintiff initiated this action on August 28, 2024, her FDCPA claim appears timely, at this juncture.

Nonetheless, Plaintiff's FDCPA claim fails on the merits. While Plaintiff plausibly alleges she is a consumer who allegedly owes a debt and the Court assumes, without deciding, that Defendants are "debt collectors" as defined under the FDCPA, Plaintiff has not plausibly

8

demonstrated that Defendants have engaged in any false, deceptive, or misleading representations in connection with the collection of a debt.  First, the Court notes that Plaintiff makes no allegations concerning any actions MRLP allegedly took with respect to collection of a debt.  Plaintiff's complaint focuses on the alleged actions of predecessor counsel for U.S. Bank in the foreclosure action (former Defendants Dominic Neveux, Esq. and Brock & Scott PLLC).  *See, e.g.*, ECF No. 1 ¶ 44.  But she does not allege how MRLP was involved in any action to collect on the debt.  Thus, Plaintiff's FDCPA claim fails as to MRLP.  And as to Nationstar and U.S. Bank, Plaintiff's theory that the assignment of the mortgage from Nationstar to U.S. Bank was somehow defective—and thus, that U.S. Bank was could not foreclose on the property—fails, as the Connecticut Superior Court recognized the substitution of parties and entered judgment for U.S. Bank accordingly.  And in any event, Plaintiff does not allege any specific, non-conclusory statements made by Defendants in any debt collection communications that could plausibly be considered false, deceptive, or misleading.  Thus, Plaintiff's FDCPA claim fails.

   D.  Count Three:  Violation of CUTPA

   Plaintiff's CUTPA claim likewise fails.  CUTPA prohibits "unfair or deceptive acts or practices in the conduct of any trade or commerce," Conn. Gen. Stat. § 42-110b(a), and provides a private right of action for persons who are injured by such unlawful behavior.  Conn. Gen. Stat. § 42-110g; *New Eng. Sys., Inc. v. Citizens Ins. Co. of Am.*, No. 3:20-CV-01743 (JAM), 2021 WL 1978691, at *2 (D. Conn. May 17, 2021).  "Connecticut courts, when determining whether a practice violates CUTPA, will consider (1) whether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by statutes, the common law, or otherwise—whether, in other words, it is within at least the penumbra of some common-law, statutory, or other established concept of unfairness; (2) whether it is immoral,

9

unethical, oppressive, or unscrupulous; (3) whether it causes substantial injury to consumers (or competitors or other businessmen)." *Gaynor v. Hi-Tech Homes*, 149 Conn. App. 267, 275 (2014). Plaintiff fails to plausibly plead that Defendants engage in a deceptive practice at all, for the reasons discussed above, much less under these tests.  Thus, Plaintiff's CUPTA claim is dismissed.

E.  Count Four:  Invasion of Privacy

Next, the Court dismisses Howard's claim for invasion of privacy, as she fails to plausibly allege the elements of this claim against any Defendant.  Connecticut law recognizes four types of invasion of privacy claims:  (a) unreasonable intrusion upon the seclusion of another; (b) appropriation of the plaintiff's name or likeness; (c) unreasonable publicity given to the plaintiff's private life; and (d) publicity that unreasonably places the plaintiff in a false light before the public. *Foncello v. Amorossi*, 284 Conn. 225, 234 (2007).  It is not clear which of these theories Howard is pursuing, but the Court construes the complaint as pursuing a claim for unreasonable intrusion upon the seclusion of another, as she does not allege that Defendants appropriated her name or likeness or engaged in publicity about her.

To state a claim for unreasonable intrusion upon the seclusion of another, a plaintiff must prove three elements: (1) an intentional intrusion, physical or otherwise, (2) upon the plaintiff's solitude or seclusion or private affairs or concerns, (3) which would be highly offensive to a reasonable person." *Parnoff* v. *Aquarion Water Co. of Connecticut*, 188 Conn. App. 153, 172–73 (2019).  For a defendant to be liable, the interference must be "substantial." *Id.*

Even liberally construed, the complaint does not allege these elements.  While Plaintiff claims that Nationstar "illegally obtained" her consumer credit reports, ECF No. 1 ¶ 60, she has not alleged that this would be "highly offensive" to a reasonable person, or that it was otherwise substantial.  Plaintiff does not allege, for example, that her consumer credit reports were shared

with the broader public, or even a large group of people, or used improperly.  Nor does Plaintiff allege any harm.  Furthermore, albeit in the context of evaluating standing, courts in the circuit have found that the disclosure of confidential information by credit reporting agencies to third-party vendors does not necessarily rise to the level of a tort.[5]  *See George v. Credit Corp Sols. Inc.*, No. 22-CIV-5512 (NRM) (VMS), 2023 WL 7000964, at *5 (E.D.N.Y. Aug. 24, 2023) (collecting cases).  Thus, Plaintiff's claim based on an invasion of privacy fails.

F.  Count Five: "Live Testimony"

Finally, there is no cognizable claim for "live testimony," and the statutes Plaintiff cites in her fifth cause of action are inapposite.  Plaintiff references 42 U.S.C. §§ 1983 and 1985, which are plainly applicable because no Defendant is alleged to have acted under color of law to violate Plaintiff's civil rights, and 18 U.S.C. §§ 241 and 242, which are federal criminal statutes not enforceable through a private right of action.  *See Xu v. Neubauer*, 166 F. Supp. 3d 203, 207 (D. Conn. 2015).

In light of the Court's holdings, it need not reach Defendants' other arguments for dismissal.

## IV.  CONCLUSION

For the reasons described herein, Defendants' motion to dismiss is GRANTED.  The Court does not grant Plaintiff leave to amend, given the failure to respond to the motion to dismiss and the fact that Plaintiff has not requested leave to amend.  *See Murphy Med. Assocs., LLC v. Yale*

---

[5] Plaintiff's complaint briefly references the Fair Credit Reporting Act ("FCRA"), *see* ECF No. 1 at 2, 6, but it is unclear what claims or theories she intends to assert under that statute, as the statute is not referenced in the remaining sections of the complaint detailing her causes of action.  And while Plaintiff challenges Defendants obtaining her confidential information illegally, Plaintiff does not allege sufficient facts for the Court to analyze her claims under this statute.  To be sure, the FCRA does prohibit relevant parties from obtaining consumer information under false pretenses as proscribed in 15 U.S.C. § 1681q.  But as Plaintiff does not explain how Defendants obtained her information illegally, the Court lacks sufficient information to consider her claims under this statute, to the extent it is applicable to Count Four at all.

*Univ.*, 120 F.4th 1107, 1114 (2d Cir. 2024) (affirming district court's decision not to grant leave to amend, where the plaintiff did not request it).

The Clerk of Court is directed to enter judgment for the remaining Defendants and close this case.

**SO ORDERED** at Hartford, Connecticut, this 31st day of March, 2026.


       */s/ Sarala V. Nagala*
       SARALA V. NAGALA
       UNITED STATES DISTRICT JUDGE